UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

ELNORA WILLIAMS,
    Plaintiff,

 -vs-                                         Case No.
                                               Hon.
                                               DEMAND FOR JURY TRIAL

MIDLAND FUNDING, LLC,
MIDLAND CREDIT MANAGEMENT, INC.
WELTMAN, WEINBERG & REIS CO. OF MICHIGAN,
TRANS UNION, LLC,
CREDIT ONE BANK, N.A.
    Defendants.

## COMPLAINT & JURY DEMAND

*Elnora Williams states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), the Fair Credit Reporting Act, 15 U.S.C. § 1681p and 28 U.S.C. §§1331,1337.

2. This Court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims.

## Parties

3. The Plaintiff to this lawsuit is Elnora Williams ("Ms. Williams" or "Plaintiff") who resides in Dearborn, MI 48120.

4. The Defendants to this lawsuit are as follows:

   a. Midland Funding, LLC ("Midland") which is a limited liability company doing business in Michigan.

   b. Midland Credit Management, Inc. ("MCM") which is a corporation doing business in Michigan.

   c. Weltman, Weinberg & Reis Co. of Michigan ("Weltman") which is a domestic corporation doing business in Michigan.

   d. Trans Union, LLC ("Trans Union") which is a limited liability company doing business in Michigan.

   e. Credit One Bank, N.A. ("Credit One") which is a credit company doing business in Michigan.

## Venue

5. The transactions and occurrences which give rise to this action occurred in Wayne County.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations

2

7. In or around 2008, Ms. Williams's car and purse were stolen.

8. As a result of this theft, Ms. Williams filed a police report in or around June 2008.

9. Upon information and belief, the individuals who stole her car and purse began fraudulently opening credit accounts in her name.

10. One of these accounts opened in her name was a credit account with Credit One.

11. Credit One furnished information about Ms. Williams to Trans Union.

12. Because the Credit One account was opened fraudulently, it was not being paid upon, and Credit One therefore furnished this derogatory information to Trans Union.

13. On multiple occasions Ms. Williams disputed the appearance of the Credit One account appearing on her Trans Union report.

14. Despite these several disputes, Credit One and Trans Union failed to conduct a meaningful reinvestigation and remove the fraudulent account.

15. The Credit One account continues to appear on Ms. Williams's credit report and its appearance has damaged her credit.

16. Sometime prior to February 2015, Midland purchased a debt previously held by Credit One that was allegedly owed by Ms. Williams.

17. According to its website, Midland is a debt buyer that works with its affiliate MCM who acts as the account servicer. https://www.midlandcreditonline.com/who-is-mcm/midland-funding-llc/

18. MCM worked in conjunction with Midland to collect the debt allegedly owed by Ms. Williams.

19. On or about February 6, 2015, MCM communicated with Ms. Williams for the first time by sending her a collection letter stating: "we are considering forwarding your account to an attorney in your state for possible litigation."

20. The February 6, 2015 letter did not have the statutorily required language under the FDCPA, 15 U.S.C. § 1692g.

21. Upon receiving this letter, Ms. Williams disputed this debt as it was not hers and she did not owe any money to Credit One, Midland or MCM.

22. Despite doing so, Midland and/or MCM sent her account to the law firm, Weltman, Weinberg & Reis for collections.

23. On or around June 2, 2015, Weltman communicated with Ms. Williams for the first time.

24. The June 2, 2015 letter did not have the statutorily required language under the FDCPA, 15 U.S.C. § 1692g.

25. On or around June 2, 2015, Weltman filed a lawsuit against Ms. Williams and

on behalf of Midland.

26. As a result of this lawsuit, Ms. Williams hired an attorney to defend her.

27. During the pendency of this lawsuit Ms. Williams maintained that the Credit One account did not belong to her and she submitted evidence establishing this fact.

28. Notwithstanding notice that the debt arose as the result of an identity theft, Weltman, Midland and MCM continued to pursue their claims against Ms. Williams.

29. It was not until March 14, 2016 that a dismissal was entered dismissing Ms. Williams without prejudice.

30. As a result of the acts alleged above, Ms. Williams has suffered damages.

## COUNT I - Fair Credit Reporting Act (Defendant Trans Union)

31. Ms. Williams incorporates the preceding allegations by reference.

32. Trans Union is a "consumer reporting agency" as that term is defined in the FCRA, 15 U.S.C. § 1681 *et. seq*.

33. Ms. Williams is a "consumer" as that term is defined in the FCRA, 15 U.S.C.§ 1681, *et. seq.*

34. Trans Union prepared one or more consumer reports relating to Ms. Williams.

35. Those consumer reports contained inaccurate information identified above.

36. Trans Union failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Ms. Williams.

37. Ms. Williams requested reinvestigations of inaccurate credit information maintained by Trans Union within her credit file.

38. Trans Union failed to conduct a proper investigation into Ms. Williams's credit reporting disputes as required by 15 U.S.C. § 1681i.

39. Trans Union negligently violated the following provisions: FCRA 15 U.S.C. §§ 1681e(b), 1681i and 1681o.

40. Alternatively, Trans Union willfully violated the following provisions: FCRA 15 U.S.C. §§ 1681e(b), 1681i and 1681n.

41. Ms. Williams has suffered damages as a result of these violations of the FCRA.

### COUNT II - Fair Credit Reporting Act (Defendant Credit One)

42. Ms. Williams incorporates the preceding allegations by reference.

43. Credit One is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681 *et. seq.*, that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

44. Trans Union forwarded notice of Ms. Williams's disputes to Credit One.

45. Credit One received those notices.

46. Credit One falsely verified the information in relation to Ms. Williams.

47. Credit One furnished erroneous information about Ms. Williams and failed to conduct a reasonable investigation in relation to Ms. Williams.

48. Credit One negligently violated the FCRA, 15 U.S.C. §§ 1681s-2 and 1681o.

49. Alternatively, Credit One willfully violated the FCRA, 15 U.S.C. §§ 1681s-2 and 1681n.

50. Ms. Williams has suffered damages as a result of these violations of the FCRA.

## COUNT III – Fair Debt Collection Practices Act (Defendants Midland, MCM and Weltman)

51. Ms. Williams incorporates the preceding allegations by reference.

52. At all relevant times – in the ordinary course of their businesses – Midland, MCM and Weltman regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

53. Midland is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

54. MCM is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

55. Weltman is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

56. Ms. Williams is a "consumer" under the FDCPA, 15 U.S.C. §1692a(3).

57. At all times relevant to this complaint, Midland, MCM and Weltman sought to collect a "consumer" debt from Ms. Williams.

58. Midland, MCM and Weltman's actions to collect this alleged debt from Ms. Williams violated the provisions of the FDCPA including, but not limited to: 15 U.S.C. §§ 1692e, 1692f, and 1692g.

59. Ms. Williams suffered damages as a result of these violations of the FDCPA.

### COUNT IV – Michigan Occupational Code ("MOC") as alternative to claims under the Michigan Collection Practices Act (Defendants Midland & MCM)

60. Ms. Williams incorporates the preceding allegations by reference.

61. Midland is a "collection agency" as that term is defined in the MOC, M.C.L. § 339.901(b).

62. MCM is a "collection agency" as that term is defined in the MOC, M.C.L. § 339.901(b).

63. Ms. Williams is a "debtor" as that term is defined in the MOC, M.C.L. § 339.901(f).

64. Midland and MCM's actions to collect from Ms. Williams violated the MOC including, but not limited to, the following: M.C.L. §§ 339.915, 339.917 and 339.918.

65. Ms. Williams suffered damages as a result of these violations of the MOC.

66. These violations of the MOC were willful.

### COUNT V – Michigan Collection Practices Act ("MCPA") as alternative to

**claims under the Michigan Occupational Code (Defendants Midland, MCM and Weltman)**

67. Ms. Williams incorporates the preceding allegations by reference.

68. Midland is a "regulated person" under the MCPA, M.C.L. § 445.251(g).

69. MCM is a "regulated person" under the MCPA, M.C.L. § 445.251(g).

70. Weltman is a "regulated person" under the MCPA, M.C.L. § 445.251(g).

71. Ms. Williams is a "debtor" as that term is defined in the MCPA, M.C.L. § 445.251(d).

72. Midland, MCM and Weltman's actions to collect from Ms. Williams violated the MCPA including, but not limited to, the following: M.C.L. § 445.252.

73. Ms. Williams suffered damages as a result of these violations of the MCPA.

74. These violations of the MCPA were willful.

## Demand for Jury Trial

75. Ms. Williams demands trial by jury in this action.

## Demand For Judgment for Relief

76. *Accordingly, Ms. Williams requests that the Court grant:*

    a. *Actual damages for items including, but not limited to, emotional distress, mental anguish, frustration, humiliation, attorney's fees incurred, expenses and embarrassment.*

    b.    *Statutory damages.*

    c.    *Punitive and Treble damages.*

    d.    *Statutory costs and attorney fees.*

    e.    *Equitable relief under statute and common law, in the form of a declaration that the amounts sought by Defendants are not actually owed and an injunction prohibiting further collection of those amounts.*

Respectfully Submitted,

By: s/ Michael J. Bonvolanta
Michael J. Bonvolanta (P-80038)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Elnora Williams
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
MichaelB@MichiganConsumerLaw.Com

Dated: May 3, 2016